UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SHUANGXI ZHANG,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>Defendants. | Case No. 26-cv-20013<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff Shuangxi Zhang ("Plaintiff") hereby brings the present action against Defendants, the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified on Schedule A (collectively, "Defendants"). Schedule A is attached hereto as Exhibit 1. Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

2. This Court may properly exercise personal jurisdiction over Defendants because Defendants structure their business activities so as to target consumers in the United States, including Florida, through at least the fully interactive e-commerce stores operating under the aliases identified on Schedule A (the "Seller Aliases"). Specifically, Defendants have targeted sales to Florida residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Florida, accept payment in U.S. dollars and, upon information and belief, sell products which infringe Plaintiff's patented design, as described below, (collectively, the "Infringing Products") to residents of Florida. Exhibit 4 attached hereto are Amazon purchase orders of Defendants' Infringing Products, confirming the ability to order and ship the Infringing Products to this Judicial District.

3. Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including those in Florida, in this Judicial District, through accounts with Internet based e-commerce stores (i.e., the Internet Stores) using the Seller Aliases and Seller IDs identified on Schedule A, as well as

1

any and all, as yet undiscovered accounts with additional Internet based e-commerce stores held by or associated with Defendants, their respective officers, employees, agents, servants, and all persons in active concert or participation with any of them. The Internet Stores maintained by Defendants permit consumers in the U.S., including Florida (and more particularly, in this Judicial District), to view the Infringing Products, as well as communicate (in some cases) with Defendants regarding their listings for the Infringing Products, and to place orders for, receive invoices for, and purchase Infringing Products for delivery in the U.S., including Florida (and more particularly, in this Judicial District), as a means for establishing regular business with the U.S., including Florida (and more particularly, in this Judicial District). See Exhibit 4. The registered business address of Defendant No. 25 on Amazon is in Florida. See Exhibit 5.

    4.    Upon information and belief, Defendants (except Defendant No. 25) are Chinese entities and have no residence in the United States. Therefore, in the alternative, personal jurisdiction is proper under Rule 4(k)(2) because Defendants (except Defendant No. 25) are not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

    5.    Venue is proper in this District pursuant to 28 U.S.C.§1391(b)(2). A substantial part of the events giving rise to the claims occurred in this District, including Defendants' sale of the the Infringing Products and the resulting harm and injury suffered by Plaintiff. Alternatively, venue is proper in this District pursuant to 28 U.S.C.§1391(c)(3) because Defendants (except Defendant No. 25) are Chinese entities and has no residence in the United States.

## THE PARTIES

    6.    Plaintiff Shuangxi Zhang is a Chinese individual, with place of residence in Shaodong, Hunan Province, China.

7. Plaintiff is the lawful owner of all right, title, and interest in U.S. Patent No. ▮▮▮▮ ("the ▮▮▮ Patent" or "Patent-in-Suit"). A true and correct copy of Plaintiff's Patent is attached hereto as Exhibit 2.

8. Plaintiff is engaged in the manufacture of products that practice the Patent-in-Suit, which are imported into and sold in the U.S.

9. Defendants sell sunglasses on Amazon under the Seller Aliases identified on Schedule A. The Infringing Products are identified with Amazon Standard Identification Numbers ("ASINs") and URLs listed on Schedule A. Exhibit 3 attached hereto are screenshots of Amazon webpages of the Infringing Products.

10. Upon information and belief, all Defendants (except Defendant No. 25) are residents of China because the business addresses listed for each Defendant on Amazon indicate locations within China. See Exhibit 5.

11. Upon information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases identified on Schedule A. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their infringing network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

12. Upon information and belief, Defendants will continue to register or acquire new seller identification aliases and new Seller IDs, for the purpose of selling and offering for sale goods that infringe the Patent-in-Suit unless preliminarily and permanently enjoined.

13. Upon information and belief, Plaintiff's right to relief asserted against Defendants are with respect to or arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States,

3

offering for sale, or selling of the same accused product or process. The Infringing Products identified on Schedule A are the same at least in all aspects relating to the Patent-in-Suit.

## FACTUAL BACKGROUND

**A. The Patent-In-Suit - U.S. Patent No.** ▓▓▓▓

14. The ▓▓▓▓ Patent, entitled "Eyeglasses," was filed with the USPTO on June 16, 2020, and claims priority to the same date. The ▓▓▓▓ Patent was issued on November 10, 2020, and claims "[t]he ornamental design for an eyeglasses, as shown and described." See Exhibit 2.

15. The ▓▓▓▓ Patent lists Plaintiff Shuangxi Zhang as the Applicant and Inventor. See Exhibit 2.

**B. Defendants' Unlawful Conducts**

16. Upon information and belief, even though Defendants operate under multiple fictitious names, there are numerous similarities among the Infringing Products and the Internet Stores. For example, the Infringing Products have virtually identical designs, even though different Seller Aliases and Seller IDs were used with the Internet Stores. Exhibit 7 attached hereto shows photos of all the Infringing Products identified on Schedule A, illustrating their identical designs.

17. The similarities between the Infringing Products for sale in the Internet Stores suggest that they are related to one another, including that the Infringing Products were manufactured by and come from a common source. Therefore, upon information and belief, Defendants are interrelated.

18. Defendants have targeted sales to Florida residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Florida, accept payment in U.S. dollars and, upon information and belief, sell and/or offer for sale Infringing Products to residents of

4

Florida.

19.     Defendants concurrently employ and benefit from similar advertising and marketing strategies. For example, some Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars in multiple ways, including via credit cards, Alipay, Amazon Pay, PayPal, etc. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish their stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants' use of Plaintiff's Patents, and none of the Defendants are authorized retailers of Plaintiff's products.

20.     E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling infringing products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their infringing operation, and to avoid being shut down.

21.     Infringers such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment.

22.     Defendants knowingly and willfully manufacture, import, distribute, offer for sale, and sell the Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported

5

into the United States for subsequent resale or use the same product that infringes directly and/or indirectly the Patent-in-Suit. Each e-commerce store operating under the Seller Aliases offers shipping to the United States, including Florida, and, upon information and belief, each Defendant has sold Infringing Products into the United States and Florida over the Internet.

23. Defendants' unauthorized use and/or manufacturing of the design claimed in the Patent-in-Suit in connection with the distribution, offering for sale, and sale of the Infringing Products, including the sale of the Infringing Products into the United States, including Florida, is likely to cause, and has caused, loss of market share and erosion of Plaintiff's patent rights is irreparably harming Plaintiff.

## COUNT I

### Patent Infringement of U.S. Patent No. ▮▮▮▮▮▮▮ (35 U.S.C. § 271)

24. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein and incorporate them by reference.

25. Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the Patent-in-Suit.

26. Plaintiff, by and through counsel, compared and analyzed each of the Infringing Products against the Patent-in-Suit, and determined that they infringe. The Infringing Products identified on Schedule A are the same at least in all aspects relating to the Patent-in-Suit. Exhibit 6 attached hereto is an exemplary Infringement Claim Chart of Defendants' Infringing Products.

27. Defendants have infringed the Patent-in-Suit through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to

exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

28.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products;

b. aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

(2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms shall:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of Infringing Products, including any accounts associated with Defendants listed on Schedule A;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Infringing Products; and

c. take all steps necessary to prevent links to the Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Internet Stores from any search index;

(3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the ▇▇▇ patent, but in no event less than a reasonable royalty for the use made of the ▇▇▇ patent by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

(4) That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the ▇▇▇ patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

(5) In the alternative, that Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of the ▇▇▇ patent, pursuant to 35 U.S.C. § 289;

(6) An award of reasonable attorneys' fees, to the extent authorized by law;

(7) All such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

DATED: January 4, 2026

By:

/s/ *Valerie Raphael*
Valerie Raphael, Esq.
Florida Bar Number: 1003514
E-mail: valerie@kemetlawgroup.com
KEMET LAW GROUP, LLC
1825 NW Corporate Blvd., Ste. 110 Boca Raton, Florida 33431 Telephone: (561) 870-0605
Facsimile: (561) 870-0606

<div style="margin-left: 50%;">

*/s/ Ni Xue*
Ni Xue, Esq.
Florida Bar Number: 1026130
E-mail: ni@kemetlawgroup.com
KEMET LAW GROUP, LLC
1825 NW Corporate Blvd., Ste. 110 Boca Raton, Florida 33431 Telephone: (561) 870-0605
Facsimile: (561) 870-0606

Aoyu Yang (pro hac vice forthcoming)
eyeglasses@shm.law
**SHM LAW FIRM**
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009


*Attorneys for Plaintiff*
Shuangxi Zhang

</div>

9