UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-20013-BLOOM/Elfenbein

SHUANGXI ZHANG,

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, and UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

    Defendants.
_____/

## ORDER ON MOTION TO EXTEND TEMPORARY RESTRAINING ORDER

**THIS CAUSE** is before the Court upon Plaintiff Shuangxi Zhang's Motion to Extend Temporary Restraining Order ("Motion"). ECF No. [32]. Defendant SEKKAF filed a Response in Opposition, ECF No. [36], and Defendant AWGSEE filed a Response in Opposition. ECF No. [40]. The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is denied.

The Court of Appeals for the Eleventh Circuit has explained that the four factors to be considered in determining whether to grant a temporary restraining order or a preliminary injunction are the same. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). Namely, a movant must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Id.* at 1225-26 (citing *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir.

1995); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). Federal Rule of Civil Procedure 65(b)(2) permits extension "for good cause" for a like period of up to 14 additional days.

Following the issuance of the temporary restraining order, ECF No. [13], Plaintiff filed a Notice of a Pending, Refiled, Related or Similar Action in which it informed the Court of a recently dismissed case in the Northern District of Illinois, Case No. 25-cv-10942, in which both the parties and subject matter are the same, similar, or related to the parties in this case and "are directly connected and interrelated to the infringement of U.S. Patent No. D901,581." ECF No. [25]. As Defendant SEKKAF points out, the Court in that case denied Plaintiff's motion for a temporary restraining order as the Court was "unpersuaded at this point of the likelihood of success on infringement of plaintiff's design patent given the likely narrow reading of the scope of the patent in light of the claimed prior art." ECF No. [36] at 2 (quoting Case No. 25-cv-10942, ECF No. [33]. Considering the new information provided both by the Notice, ECF No. [13], and Defendants Responses in Opposition, ECF Nos. [36] and [40], this Court is now similarly unpersuaded at this point of Plaintiff's likelihood of success on merits. As such, Plaintiff's Motion is denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion**, ECF No. [32]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 2, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record