UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 26-CV-20013-BB

SHUANGXI ZHANG,

                Plaintiff,

  -against-

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SHHEDULE
A.

                Defendants.

_____

**DEFENDANTS' MOTION TO STAY RULE 26(a)(1) INITIAL DISCLOSURES PENDING THE COURT'S RULING ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants KALIYADI, nssiw, OUKEMAX, OUTDOORKING, QALLY, and CIFOYA (collectively, "the KALIYADI Defendants") respectfully move to stay the parties' Rule 26(a)(1) initial disclosures, which are currently due on February 26, 2026 pursuant to the Court's Scheduling Order (ECF No. 75), pending resolution of the KALIYADI Defendants Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 75).  In support, the KALIYADI Defendants state the following.

**INTRODUCTION**

1

Plaintiff's lawsuit is barred by the well-established doctrine prohibiting impermissible claim-splitting, as this action is duplicative of the previously filed Northern District of Illinois action (*Shuangxi Zhang v. KALIYADI et al.,* Civil Case No. 25-cv-10942), involving the same patent, same infringement arguments, identical claim charts, and the same accused products.  The KALIYADI Defendants have filed a Motion to Dismiss Plaintiff's First Amended Complaint that raises meritorious and fully-dispositive grounds for dismissal. *See* ECF No. 75. Most importantly, Plaintiff's claims should be barred as a threshold matter and, if dismissed, will dispose of the claims against the KALIYADI Defendants in their entirety.

The Motion to Dismiss raises other dispositive arguments that Plaintiff could not remedy in another amended pleading, including arguments showing that Plaintiff failed to establish personal jurisdiction (*id.* at 7-9), and that joinder is improper under the heightened standard of 35 U.S.C. §299 (*id.* at 9-10).  Accordingly, for these and the other reasons argued in the KALIYADI Defendants' Motion to Dismiss, Plaintiff's claims should proceed, if at all, only against the other Defendants.

As such, the Court should stay the parties' Rule 26(a)(1) initial disclosure obligations pending resolution the KALIYADI Defendants' Motion to Dismiss.  District courts routinely grant temporary stays of Rule 26(a)(1) disclosures when a motion to dismiss is pending that will fully dispose of the entire action.  There is good cause for a stay here, as the Motion to Dismiss is case-dispositive as to the KALIYADI Defendants, and another amendment would be futile because 1) this action is completely duplicative of the previous Illinois action relying on the same facts, evidence, and causes of action; 2) Plaintiff cannot establish personal jurisdiction

where the only Florida-related act is operating a generally accessible website; and 3) the joinder is improper.

Moreover, a temporary stay of Rule 26(a)(1) initial disclosures is appropriate given the undue burden those disclosures will place on the KALIYADI Defendants. Since this case is no different than the previous action, the KALIYADI Defendants are effectively required to reproduce the same defense arguments and prepare the same disclosure categories for a second time.  The costs associated with preparing Rule 26(a)(1) disclosures in a case that may be dismissed in its entirety are entirely avoidable if this Court decides that the Motion to Dismiss should be granted, and would further harm the KALIYADI Defendants.

Accordingly, the KALIYADI Defendants respectfully request that this Court enter an Order staying the parties' Rule 26(a)(1) initial disclosure obligations pending resolution of their Motion to Dismiss.

**ARGUMENT**

### I. LEGAL STANDARD

A stay of Rule 26(a)(1) initial disclosures should be granted "where the movant shows 'good cause and reasonableness.'" *Varga v. Palm Beach Capital Management, LLC*, Docket No. 09-82398-CIV-MORE, 2010 U.S. Dist. LEXIS 144440 (S.D. Fla. Sep. 2, 2010); *see also Zamber v. American Airlines, Inc.*, Docket No. 16-CV-23901-MARTINEZ/GOODMAN, 2017 U.S. Dist. LEXIS 219338 (S.D. Fla. Feb. 17, 2017) (granting temporary stay of discovery). There is good cause for a stay "where resolution of the motion will dispose of the entire case."

*Rando v. Government Emples. Ins. Co.*, Docket No. 5:06-cv-336-Oc-10GRJ, 2006 U.S. Dist. LEXIS 109852 (M.D. Fla. Dec. 4, 2006).

The Eleventh Circuit has instructed the courts should dispose of "[f]acial challenges to the legal sufficiency of a claim or defense… **before discovery begins**." *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997) (emphasis added); *see also Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (noting that motions to dismiss should, ideally, be resolved before discovery begins); *Redford v. Gwinnett Cty. Jud. Cir.*, 350 F. App'x 341, 346 (11th Cir. 2009) (affirming discovery stay because motion to dismiss "raised serious questions regarding the viability of [the] complaint").  This is because motions to dismiss present "a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.  Therefore, neither the parties nor the court ha[s] any need for discovery before the court rules on the motion." *Chudasama,* 123 F.3d at 1367.

"If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Chudasama*, 12 F.3d at 1368; *also see Solar Star Systems, LLC v. BellSouth Telcomms., Inc.*, Docket No. 10-21105-CIV, 2011 U.S. Dist. LEXIS 38150 (S.D. Fla. Mar. 20, 2011) ("[f]ederal district courts have wide discretion to limit the scope of discovery or control its timing to protect a party from annoyance, oppression, or undue burden or expense")(citing Fed. R. Civ. P. 26(c)).  Moreover, where, as here, the plaintiff is able to respond to the pending motion to dismiss without discovery, there are no countervailing interests that would prejudice the plaintiff if a stay is granted. *Soldevilla v. On the Barrelhead, Inc.*, Docket No. 19-CV-14462-MARRA, 2020 U.S. Dist. LEXIS 20847 (S.D.

4

Fla. Feb. 5, 2020) ("Discovery is not needed to respond to these defenses [in the motion to dismiss] which raise pure legal questions regarding Plaintiff's ability to pursue her claims.").

A district court evaluating whether to grant a temporary stay of discovery until a motion to dismiss is resolved should take a "preliminary peek" at the merits of the motion. *Feldman v. Flood,* 176 F.R.D. 651, 652-53 (M.D. Fla. 1997). The court should also weigh "the harm produced by a delay in discovery" against "the likely costs and burden of proceeding with discovery." *Id.*

## II. THERE IS GOOD CAUSE FOR A STAY OF RULE 26(a)(1) INITIAL DISCLOSURES

### a. The KALIYADI Defendants' Motion Raises Case Dispositive Legal Arguments

The KALIYADI Defendants' Motion to Dismiss raises meritorious and fully dispositive arguments. As described in the Motion, this action is a textbook example of impermissible claim-splitting. *See* ECF No. 75, Pages 4-7. Plaintiff previously filed suit in the Northern District of Illinois asserting infringement of the same design patent (U.S. Patent No. D901,581), using the same infringement arguments, and even reusing the identical claim chart against the same or substantially similar products (*see id.,* in Argument A). The Illinois court denied Plaintiff's request for injunctive relief, and rather than proceed on the merits there, Plaintiff dismissed and refiled this duplicative action in this District (*see id.,* in Argument A, Pages 6-7).

Because the case alleges no new facts from those alleged in the Illinois action, the operative facts remain identical. Consequently, as a matter of judicial efficiency and to prevent

5

duplicative litigation of impermissibly-split claims, Plaintiff's claims against the KALIYADI Defendants should be dismissed. (*See* ECF No. 75 at 7 (citing *Vanover v. NCO Financial Services,* 857 F.3d 833, 26 Fla. L.Weekly Fed. C 1539 (11th Cir. 2017)).

On this basis alone, the KALIYADI Defendants respectfully submit that a "preliminary peek" at the merits of the dispositive motion" demonstrates a substantial likelihood exists that their Motion to Dismiss will be granted with prejudice. *See Feldman*, 176 F.R.D. at 652-53; *De Morales*, 314 So. 3d at 531 (quashing denial of motion to stay discovery pending motion to dismiss because litigation privilege would have barred plaintiff's claims).

As noted *supra*, the Motion to Dismiss also raises other dispositive grounds for dismissal. Specifically, the KALIYADI Defendants demonstrates that Plaintiff has failed to carry its burden to plead personal jurisdiction. Plaintiff relies solely on the operation of generally accessible online storefronts and litigation-drive purchases, which courts in this District have repeatedly held are insufficient to establish specific jurisdiction. *See* ECF No. 75 at Pages 8-9 (citing *Performance Industries Mfg. v.Vortex Performance Pty Ltd,* Docket No. 8:18-cv-00510-T-02AAS, 2019 LX 65077 (M.D. Fla. Jan. 2, 2019) (holding lack of personal jurisdiction where the defendant's only Florida-related act was operating a generally accessible website, and the only Florida "sales" were "cause by Plaintiff's counsel as part of this litigation.").

Moreover, the Motion to Dismiss raises other dispositive arguments Plaintiff will not be able to remedy in an amended pleading.  Plaintiff has lumped together numerous unrelated defendants without alleging that the claims arise out of the same transaction or that the same accused product is at issue, as required under the heightened joinder standard under 35 U.S.C

6

§299. Yet Plaintiff's own pleading confirms that they have added additional products to distinguish this case from the previous Illinois action. As such, dismissal is appropriate where joinder fails as a matter of statutory law. *See* ECF No. 75 at Page 9 (citing *In re EMC Corp.,* 677 F.3d 1351 (Fed. Cir. 2012)).

Florida district courts have consistently granted stays of discovery-related obligations in similar circumstances. *See, e.g., Soldevilla v. On the Barrelhead, Inc.*, Docket No. 19-CV-14462-MARRA, 2020 U.S. Dist. LEXIS 20847 (S.D. Fla. Feb. 5, 2020) (granting stay where "Defendant's Motion to Dismiss incorporates two legal defenses which, if successful, will entirely dispose of the case"); *Zamber v. American Airlines, Inc.*, Docket No. 16-CV-23901-MARTINEZ/GOODMAN, 2017 U.S. Dist. LEXIS 219338 (S.D. Fla. Feb. 17, 2017) (granting motion to stay discovery where "the dismissal motion presents case-dispositive arguments which create a significant possibility that at elast one of the two primary defense theories will succeed").

To be sure, the KALIYADI Defendants' claim-splitting, lack of personal jurisdiction, and improper joinder under 35 U.S.C. §299 are exactly the types of dispositive legal arguments that courts have found merit a temporary stay. *Scoma Chiropractic, P.A. v. Jackson Hewitt Inc.*, Docket No. 2:17-cv-24-FtM-38CM, 2017 U.S. Dist. LEXIS 187066 (M.D. Fla. Nov. 13, 2017) (granting stay based on motion to dismiss "challenging the legal sufficiency of Plaintiff's amended complaint"); *Latell v. Triano*, Docket No. 2:13-cv-565-FtM-29CM, 2014 U.S. Dist. LEXIS 26777 (M.D. Fla. Feb. 28, 2014) (granting temporary stay while motion to dismiss is pending).

### b. A Stay of Initial Rule 26(a)(1) Initial Disclosures Will Avoid Unnecessary Expenses Without Any Prejudice to Plaintiff.

A stay is also necessary to avoid the potentially substantial and unnecessary burden that the KALIYADI Defendants would face in preparing Rule 26(a)(1) disclosures while the Motion to Dismiss is pending. *See Zamber,* 2017 U.S. Dist. LEXIS 219338 (S.D. Fla. Feb. 17, 2017) (granting stay to avoid extensive discovery costs; *see also Soldevilla,* 2020 U.S. Dist. LEXIS 20847 (S.D. Fla. Feb. 5, 2020) (stay would allow the parties to "avoid the burden of potentially unnecessary, expensive, and fruitless discovery").

The KALIYADI Defendants have already incurred the unnecessary expense of defending these same allegations twice. Because Plaintiff's counsel has not responded to the KALIYADI Defendants' request to stay Rule 26(a)(1) disclosures, the KALIYADI Defendants would potentially need to incur additional costs and expenses in preparing disclosures when, if granted, their Motion to Dismiss would entirely obviate the need for such discovery.

Meanwhile, Plaintiff will not be prejudiced by a stay of Rule 26(a)(1) disclosures. *See Moore v. Shands Jacksonville Med. Ctr, Inc.*, No. 3:09-cv-298-J-34TEM, 2009 WL 4899400, at *2 (M.D. Fla. Dec. 11, 2009) (granting stay of discovery where the plaintiff was not prejudiced by stay, finding that "should the case proceed, Plaintiffs will likely be provided ample opportunity to conduct discovery"). Plaintiff also does not allege that Rule 26(a)(1) disclosures are necessary to respond to the Motion to Dismiss. Moreover, Plaintiff cannot credibly claim prejudice from a temporary stay. In the previous Illinois action, Plaintiff had the opportunity to proceed with a scheduled discovery, including disclosure-related obligations, but voluntarily

dismissed that case and refiled here. Having elected to restart the litigation process, Plaintiff cannot plausibly assert that a temporary stay now would cause prejudice. As such, the balance between the minimal harm, if any, to Plaintiff in staying Rule 26(a)(1) disclosures temporarily (*i.e.,* a slight delay) and the possibility that the Motion to Dismiss will be granted (*i.e.,* entirely eliminating the need for such discovery) weight heavily in favor of a stay. *Soldevilla,* 2020 U.S. Dist. LEXIS 20847 (S.D. Fla. Feb. 5, 2020) (finding that any resulting delay in scheduling the case "is far outweighed by the potential benefits of preserved time and litigation resource conservation"). Therefore, the KALIYADI Defendants respectfully request that the Court grant a temporary stay of the parties' Rule 26(a)(1) initial disclosure obligations.

## CONCLUSION

For the foregoing reasons, the KALIYADI Defendants respectfully request that the Court temporarily stay the parties' Rule 26(a)(1) initial disclosure obligations, currently due February 26, 2026, pending its resolution of the Motion to Dismiss, which the KALIYADI Defendants believe should be granted with prejudice, and grant the KALIYADI Defendants such further relief the Court deems just and proper.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Undersigned counsel hereby certifies that they have conferred with counsel for Plaintiff in a good faith effort to resolve the issues raise in the motion, and further certifies that Plaintiff does not agree to the relief requested herein.

Date: February 19, 2026                             Respectfully submitted,

    */s/ Jianyin Liu*
Jianyin Liu
Florida Bar No. 1007675
**Law Offices of James Liu PLLC**
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL  33157
Telephone: (305) 209-6188
Email: jianyin@jamestliulaw.com

*/s/ Jeffrey E. Schiller*
Jeffrey E. Schiller BBO # 3124442
**Grogan, Tuccillo & Vanderleeden, LLP**
One Financial Plaza
1350 Main Street, Suite 508
Springfield, MA 01103
Tel: (413) 736-5401
Fax: (413) 733-4543
schiller@gtv-ip.com
guo@gtv-ip.com

*Attorneys for Defendants KALIYADI, nssiw, OUKEMAX, OUTDOORKING, QALLY, CIFOYA*