UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-20013-BLOOM/Elfenbein

SHUANGXI ZHANG,

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, and UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

    Defendants.
_____/

**ORDER ON JOINT MOTION TO AMEND PRELIMINARY INJUNCTION ORDER**

**THIS CAUSE** is before the Court upon the Parties Joint Motion to Amend Preliminary Injunction Order, ECF No. [80]. The Court has reviewed the Motion, the record, and is otherwise fully advised. The Motion is **GRANTED.** The Court amends the Order on Motion for Preliminary Injunction, ECF No. [78], as follows:

An evidentiary hearing was held on February 10, 2026. For the reasons stated on the record at the evidentiary hearing, the Court denies the Motion as to the seven Illinois Defendants and Defendants who raised oppositions to Plaintiff's Motion (namely, SEKKAF, KAIYIXING, OUTDOORKING, KALIYADI, XINGYANGXIXIANG, nssiw, CIFOYA, OUKEMAX, KUGUAOK, AWGSEE, QALLY, and HUAYIY). Plaintiff has voluntarily dismissed the case against Defendants Nos. 4, 8, 12, 19, 21, 24, 25 and 26 listed on Schedule

Case No. 26-cv-20013-BLOOM/Elfenbein

A. The Court grants the Motion as to the remaining Defendants Nos. 3 (SnowRangers), 5 (InFang), 7 (HXRStore), 9 (DIMENSIP-US), 10 (SABSAN), 11 (sollbetter), 12 (MVPTGRS), 16 (OlikerSports), 18 (Wapreta US), 22 (Dysaker), 23 (Brilliant Glasses), and 31 (Derowern-US) listed on Schedule A ("Non-Appearing Defendants").

The following does not apply to Defendants as to whom the Motion was denied (namely, SEKKAF, KAIYIXING, OUTDOORKING, KALIYADI, XINGYANGXIXIANG, nssiw, CIFOYA, OUKEMAX, KUGUAOK, AWGSEE, QALLY, and HUAYIY).

1. Non-Appearing Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them are enjoined and restrained from:

    a. offering for sale, selling, and importing the Infringing Products identified on Schedule A;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in offering for sale, selling, and importing the Infringing Products identified on Schedule A;

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2. Each Non-Appearing Defendant shall continue to preserve copies of all computer files relating to the use of any of the E-commerce Store Names and shall take all steps necessary to retrieve computer files relating to the use of the E-commerce Store Names that may have been deleted before the entry of this Order.

Case No. 26-cv-20013-BLOOM/Elfenbein

3. Upon Plaintiff's request, the privacy protection service for any of the E-commerce Store Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose to Plaintiff the true identities and contact information of those registrants.

4. Upon receipt of notice of this Order, the Non-Appearing Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, shall immediately, to the extent not already done, (i) identify all financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores operating under the E-commerce Store Names, the payment accounts, payees, merchant identification numbers, and/or the e-mail addresses identified on Schedule "A" hereto, as well as any other related accounts of the same customer(s); (ii) identify all other accounts that transfer funds into the same financial institution account(s), and/or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; (iv) divert those restrained funds to a holding account for the trust of the Court; and (v) disable and cease displaying any advertisements used by or associated with Non-Appearing Defendants in connection with the sale of Infringing Products identified on Schedule A.

5. Upon receipt of notice of this Order, Non-Appearing Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace

platforms, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identify the financial account(s) and subaccount(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained. No funds restrained by this Order shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, PayPal, and their related companies and affiliates for any purpose (other than pursuant to a purchase refund chargeback made by a consumer) without the express authorization of this Court.

6. This Order shall apply to the E-commerce Store Names, associated e-commerce stores, and financial accounts, and any other e-commerce store names, or financial accounts which are being used by Non-Appearing Defendants for the purpose of infringing the Patent-in-Suit.

7. Any Non-Appearing Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

8. Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), as payment of damages to which Non-Appearing Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or

until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

9. This Order shall remain in effect during the pendency of this action, or until further Order of this Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 19, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record