UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-cv-20013-BB

SHUANGXI ZHANG,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

      Defendants.

_____/

## Defendants' Motion to Dismiss

Defendants, XINGYANGXIXIANG and KUGUAOK (collectively, "Defendants")[1], by and through undersigned counsel, hereby file this Motion to Dismiss Plaintiff's Amended Complaint and, in support thereof, states as follows:

### I.    Procedural Background

On January 4, 2026, Plaintiff, SHUANGXI ZHANG ("Plaintiff"), filed a Complaint alleging patent infringement against, *inter alia*, Defendants, relating to Plaintiff's design patent found at U.S. Patent No. D901,581 ("Patent-In-Suit"). [D.E. 1]. An Amended Complaint was filed on January 27, 2026. [D.E. 7]. Notably, as the Amended Complaint contains bulk allegations against the defendants referenced therein, the Complaint does not contain any specific statement(s) or allegations of fact against Defendants. Following evidentiary hearing held on February 10, 2026 (the "Hearing"), the Court denied Plaintiff's Motion for Preliminary Injunction as to, *inter alia*,

---

[1] Unless otherwise stated, the Defendants are independent entities, with their own independent defenses against the claims alleged by Plaintiff. Notwithstanding, Defendants provide this response as a whole for the purpose of opposing Plaintiff's Motion for Entry of Preliminary Injunction

Defendants. *See* [D.E. 73, 85]. For the reasons stated at Hearing and as further provided below, Defendants' request that Plaintiff's Amended Complaint be Dismissed.

## II.   Argument

### A.   Plaintiff Has Not Established a *Prima Facie* Showing of Personal Jurisdiction Against Defendants.

A plaintiff seeking to establish personal jurisdiction over a non-resident defendant bears the initial burden of alleging sufficient facts to make out a prima facie case of jurisdiction. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013); *see also Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.,* 582 U.S. 255, 268 (2017) (stating the requirements for personal jurisdiction must be met **as to each defendant** over whom a state court exercises jurisdiction) (emphasis added).

The mere world-wide accessibility of a defendant's website "in the absence of any actual interaction will not support a finding that jurisdiction attaches." *Id*.; *see also Dynetech Corp. v. Leonard Fitness, Inc.,* 523 F. Supp. 2d 1344, 1348 (M.D. Fla. 2007) ("While these websites likely are as accessible from Florida as they are from any other state or anywhere in the world where Internet access is available, such accessibility does not amount to 'purposeful availment' of conducting activities with Florida."); *see also See Suzhou Jihekai Network Technology Co., Ltd v. The Partnerships and Unincorporated Associations identified in Schedule A*, Case No. 0:25-cv-62217-RS, [D.E. 113] (granting defendant's motion to dismiss for lack of personal jurisdiction, because (1) Courts in this District and the Eleventh Circuit have repeatedly held that the mere accessibility of an interactive website in Florida is insufficient, standing alone, to establish that a tortious injury occurred in Florida, and (2) rather, a plaintiff must demonstrate a nexus between the defendant's conduct and an injury in Florida, such as proof that infringing products were actually viewed, marketed, sold, or distributed to Florida consumers).

At Hearing, Plaintiff's counsel admitted to the Court that the only evidence of any alleged-infringing product being sold in the state of Florida was the result of purchase(s) made and shipped to an address of Plaintiff's counsel, located in Coconut Grove. *See also* [D.E. 33, ¶1, 4] (stating plaintiff's counsel attempted to place purchase orders for the alleged-infringing products in order to confirm the ability to order and ship the products into this judicial district). Such act does not suffice to establish personal jurisdiction with this Court. *Performance Indus. Mfg., Inc. v. Vortex Performance Pty Ltd.*, 2019 WL 78840 (M.D. Fla. Jan. 2, 2019) (finding no personal jurisdiction where defendant maintained a website that allowed for purchase and delivery of goods accessible in Florida, because the only sales in Florida were caused by Plaintiff's counsel as part of litigation). Based on such admission, Plaintiff has failed to produce any evidence that alleged-infringing product sold by Defendants was viewed, accessed, or even targeted by a Florida consumer. *Volt, LLC v. Volt Lighting Grp. LLC*, 369 F. Supp. 3d 1241, 1248 (M.D. Fla. 2019) (finding no personal jurisdiction when plaintiff presented no evidence that defendant's website "was viewed by, and confused, a Florida consumer or even targeted a Florida consumer.").

As Plaintiff's actions amount to nothing more than forum shopping in this district following unfavorable ruling in another[2], Plaintiff's failure to establish a *prima facie* showing of Defendants' purposeful availment of the privilege of conducting business in this state warrants dismissal of Plaintiff's Amended Complaint. *See Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010) (stating plaintiff bears the burden of showing (1) "the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum

---

[2] Defendants note that this action was filed in the Southern District of Florida on the same facts and circumstances following Plaintiff's being deemed unlikely to succeed on the merits on its claims in the Northern District of Illinois. See [D.E. 46] (citing Northern District of Illinois, Case No. 25-cv-10942) (similar action in which the Court denied Plaintiff's motion for temporary restraining order as the Court was "unpersuaded at this point of the likelihood of success on infringement of plaintiff's design patent given the likely narrow reading of the scope of the patent in light of the claimed prior art.").

state"; and (2) the "plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum" in order to establish personal jurisdiction).

**B.  Plaintiff's Amended Complaint is subject to dismissal due to misjoinder.**

Plaintiff's Amended Complaint alleges patent infringement against 41 defendants, none of which are affiliated with Defendant. 35 U.S.C. § 299(a) states "parties that are accused infringers may be joined in one action as defendants" only if the following requirements are met:

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or **arising out of the same transaction, occurrence, or series of transactions or occurrences** relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

> (2) **questions of fact common to all defendants** or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a) (emphasis added); *see also In re Nintendo Co., Ltd.,* 544 F. App'x 934, 939 (Fed. Cir. 2013) (noting, in comparison to Rule 20 – which sets forth requirements for permissive joinder of defendants – 35 U.S.C. § 299(a) "adds a requirement that the transaction or occurrence **must relate to making, using, or selling of the same accused product or process**.") (emphasis added).  The statute explicitly warns that allegations "**based solely on allegations that they each have infringed the patent or patents in suit**" are **insufficient** for joinder.  35 U.S.C. § 299(b). In *KPR U.S., LLC v. LifeSync Corporation,* 2023 WL 4156693, *2 (S.D. Fla. June 24, 2023), the Southern District of Florida stated (internal citations omitted):

> Even when the technical requirements of § 299(a) are met, "joinder may still be refused 'in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness."

Analyzing the joinder of several parties in a patent case under the analogous joinder framework of Fed. R. Civ. P. 20, the Federal Circuit has concluded that parties cannot be joined "where different products or processes are involved." *In re EMC Corp.*, 677 F.3d 1351, 1359

(Fed. Cir. 2012).  The Federal Circuit explained:

> Joinder of independent defendants is only appropriate where the accused products or processes are the same in respects relevant to the patent. But the **sameness of the accused products or processes is not sufficient**. Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts. **To be part of the "same transaction" requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts. The sameness of the accused products is not enough to establish that claims of infringement arise from the "same transaction." Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical.**

*Id*. (emphasis added).)  The court went on to conclude that "[i]n a complicated patent litigation a large number of defendants might prove unwieldy, and a district court would be justified in exercising its **discretion to deny joinder**' when different witnesses and documentary proof would be required.'"  (Id. at 1360 (emphasis added) (citation omitted).)

Applying the same principles laid out by the Federal Circuit above, a District Court for the Northern District of Illinois also denied joinder where:

> The **Complaint simply alleges that each of the individual Defendants infringed on the patent** in their home state where they reside. There are **no allegations that the Defendants' actions were performed in concert or connected in any way. Joinder is not suitable where a party completely fails to satisfy the "requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed the same patent."** *Rudd v. Lux Prod. Corp. Emerson Climate Techs. Braeburn Sys., LLC*, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011). Without any "logical relationship" between the facts associated with the more than 300 Defendants, joinder is wholly inappropriate. *See In re Apple Inc.*, 650 App'x at 775. As a result, each of the remaining Defendants are dismissed for improper joinder under § 299.

*Khan v. Hemisphere Inc.,* 2019 WL 2137378, at *3 (N.D. Ill. May 16, 2019) (emphasis added),

*aff'd*, 825 F. App'x 762 (Fed. Cir. 2020).

Such is the case here. Plaintiff's Amended Complaint simply alleges that each of the defendants infringed on Plaintiff's Patent-In-Suit in the same way; however, this type of allegation is insufficient to support joinder. *See In re EMC Corp.,* 677 F.3d at 1359 (Federal Circuit concluding that "**sameness of the accused products or processes is not sufficient**" for joinder) (emphasis added); *see also* <u>PPS Data, LLC v. Allscripts Healthcare Solutions, Inc</u>*.,* 2011 WL 13295706, at *6 (M.D Fla. July 21, 2011) (stating that overly broad characteristics are not a sufficient basis for the Court to find that all of the alleged infringing activity is part of the same transaction or occurrence).

Plaintiff's attempt to join defendants is further defective when considering that patent infringement requires a two-step inquiry: (1) first, the Court must construe each asserted claim, then (2) second, the Court uses its claim construction to analyze each accused product. *See Tessera, Inc. v. ITC,* 2011 WL 1944067, at *4 (Fed. Cir. May 23, 2011). This second step is a question of fact, which necessarily requires factual proof specific to each individual defendant and to each accused product. *See PPS Data*, 2011 WL 13295706, at *7 (citation omitted). As such, the Court must conduct claim construction and because Defendants' respective defenses and counter-arguments are separate and distinct as it relates to Plaintiff and each other defendant(s), such further supports a finding that each product at issue constitutes a separate transaction or occurrence. *Id.*

Plaintiff alleges in conclusory fashion that "Defendants knowingly and willfully manufacture, import, distribute, offer for sale, and sell the Infringing Products in the same transaction, occurrence, or series of transactions or occurrences" because (1) defendants use nondescript Seller Aliases, and (2) defendants concurrently employ and benefit from similar advertising and marketing strategies to target consumers while attempting to evade enforcement

[*see* DE. 24, ¶¶ 13, 19.). However, Plaintiff provides no facts to support this allegation. As the *Khan* court pointed out, this type of conclusory allegation cannot support joinder because "[t]here are **no allegations that the Defendants' actions were performed in concert or connected in any way.**" *Khan*, 2019 WL 2137378, at *3; see also *PPS Data,* 2011 WL 13295706, at *6 ("[T]here is no allegation that the majority of Defendants in this case are connected in any way, or that their software products use the same (or similar) resources or function in the same manner."); *see also Ilustrata Servicos Design, Ltda. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 2021 WL 5396690, at *1 (N.D. Ill. Nov. 18, 2021) (finding allegations insufficient to permit joinder in trademark infringement action despite allegations of common features among seller defendants including "user name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images").

## III.   <u>Conclusion</u>

For the reasons set forth above, Defendants request that the Court dismiss Plaintiff's First Amended Complaint, and grant such further relief as the Court deems just and appropriate.

March 10, 2026                                                Respectfully submitted.

                                                        **HEITNER LEGAL, P.L.L.C**
                                                        *Attorney for Defendants*
                                                        By: /s/ Alan Mensa-Wilmot
                                                        Alan Mensa-Wilmot (Fla. Bar No. 117840)
                                                        215 Hendricks Isle
                                                        Ft. Lauderdale, Florida 33301
                                                        Telephone: (954) 558-6999
                                                        E-mail:  alan@heitnerlegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2026, a true and correct copy of the foregoing was electronically filed using CM/ECF, which serves electronic notice on all counsel of record and registered CM/ECF users.

By: /s/ Alan Mensa-Wilmot