**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 26-cv-20013-BLOOM/Elfenbein**

SHUANGXI ZHANG,
Plaintiff,
v.
THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,
Defendants.
_____________________________________/

# DEFENDANT XINGYANGXIXIANG d/b/a DIOKIW'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant XINGYANGXIXIANG, which sells on Amazon under the storefront name DioKiw (Schedule A Defendant No. 1 to the complaint originally filed in Case No. 26-cv-24832, consolidated into this action) ("Defendant"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claim of design patent infringement against Defendant with prejudice for failure to state a claim upon which relief can be granted. In support thereof, Defendant states as follows:

## I. INTRODUCTION

This is a Schedule A design patent case in which Plaintiff Shuangxi Zhang asserts U.S. Design Patent No. D901,581 (the "'581 Patent") against numerous e-commerce sellers, including Defendant. The '581 Patent claims the ornamental design for eyeglasses. See Complaint, Ex. 2.This Court has already examined the merits of Plaintiff's infringement claim against Defendant in the context of Plaintiff's motion for preliminary injunction. In its Order denying that motion

(ECF No. 176), the Court applied the ordinary observer test of *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (en banc), filtered out the functional features of wraparound sports eyewear (semi-frameless shield, integrated nosepiece, and temples), and concluded that the remaining ornamental differences between the claimed design and Defendant's accused products "are likely to be important to the eye of the hypothetical ordinary observer." ECF No. 176 at 14 (citing *Egyptian Goddess*, 543 F.3d at 676). Those differences include: (1) two horizontal slots on the face of the accused shield that are absent from the patent; (2) the absence of the patent's elongated hollow sections at the ear end of the temples; and (3) thicker or shorter temples versus the patent's flush temple profile. *Id*. The Court further noted the patent's solid-line "CAT EYE" lettering on the temple. *Id*. at 14. Because the Complaint and its exhibits (the patent drawings, product webpages, claim chart, and product photographs) are the same materials this Court already reviewed, the Complaint fails to state a plausible claim of design patent infringement. Under the governing law, when the claimed and accused designs are "sufficiently distinct" or "plainly dissimilar" on the face of the complaint and its exhibits, dismissal under Rule 12(b)(6) is appropriate. No reasonable ordinary observer, giving the attention a purchaser usually gives, could find the designs substantially the same after the functional silhouette is discounted.II. Legal StandardTo survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations and legal conclusions couched as factual allegations are not entitled to

the assumption of truth. Id. at 678–79. In design patent cases, the sole test for infringement is the ordinary observer test: "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Gorham Co. v. White*, 81 U.S. 511, 528 (1871); *Egyptian Goddess*, 543 F.3d at 678. Where a design contains both functional and ornamental elements, the claim must be construed to identify the non-functional aspects. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc*., 796 F.3d 1312, 1333–34 (Fed. Cir. 2015).

Importantly, E*gyptian Goddess* recognized that "in some instances, the claimed design and the accused design will be sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear 'substantially the same' to the ordinary observer." 543 F.3d at 678. When the designs are "plainly dissimilar," the inquiry ends and no prior-art comparison is required. Courts regularly apply this standard at the pleading stage when the patent drawings and images of the accused products are attached to or incorporated in the complaint.

## III. ARGUMENT

### A. A District Court Can Dismiss the Design Patent Claims at Pleading Phase.

Courts regularly apply this standard at the pleading stage when the patent drawings and images of the accused products are attached to or incorporated in the complaint. *See Anderson v. Kimberly-Clark Corp*., 570 F. App'x 927 (Fed. Cir. 2014) (nonprecedential) (affirming Rule 12(c) dismissal of design-patent claim based on side-by-side comparison of patent drawings and

accused-product images showing "plain differences"). Courts treat a Rule 12(c) motion for judgment on the pleadings as functionally equivalent to a Rule 12(b)(6) motion when the challenge is that the complaint fails to state a claim. Both are governed by the *Twombly/Iqbal* plausibility standard.

In *Secured Mail Solutions LLC v. Universal Wilde, Inc.,* 873 F.3d 905, 913 (Fed. Cir. 2017*).*, the U.S. Court of Appeals for the Federal Circuit affirmed the dismissal of a patent infringement complaint under Federal Rule of Civil Procedure 12(b)(6), holding that a court is not required to accept as true complaint allegations that are contradicted by the patent claims, specifications, or other matters subject to judicial notice

**B. The Complaint's Own Exhibits Establish That the Accused Designs Are Plainly Dissimilar to the Claimed Design After Functional Features Are Filtered.**

On a Rule 12(b)(6) motion, the Court may consider documents attached to the complaint or incorporated by reference without converting the motion to one for summary judgment. *See, e.g., Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir. 2005). Here, the Complaint incorporates the '581 Patent drawings (Ex. 2), screenshots of the accused product webpages (Ex. 3), the exemplary claim chart (Ex. 6), and photographs of the accused products (Ex. 7). As the case was sealed and the Complaint was sent by Plaintiff's counsel of record via email, thus we re-attached herein for convenience reference purpose.

This Court has already performed the required analysis. In ECF No. 176, the Court identified the functional silhouette common to sports eyewear with a wraparound lens: "a single wraparound lens, a central nose assembly, and temples that hook the ear." ECF No. 176 at 13. The patent shows a semi-frameless shield, integrated nosepiece, and temple running back to the

ear—features that "appear across many cycling glasses." Id. Once those functional features are discounted, the relevant comparison is limited to the ornamental details in the shield and temple. *See Ethicon*, 796 F.3d at 1333–34.

The ornamental differences are plain and significant (see Figure 1[1] below for comparison):

- The accused products have two horizontal slots on the face of the shield; the '581 Patent does not. ECF No. 176 at 14 (citing Complaint Ex. 6 at 5, 14, 23, 32; Ex. 2 at 5).
- The accused products lack the elongated hollow sections at the ear end of the temples that are present in the patent. Id. (citing Ex. 6 at 7–8, 16–17, 25–26, 34–35; Ex. 2 at 7–8).
- The accused temples are thicker or shorter, whereas the patent depicts a flush temple profile. *Id.*
- The patent includes the solid-line word "CAT EYE" on the temple as a claimed ornamental feature. *Id*. at 14.


FIG. 1



Figure 1: Comparison of Patent and Defendant's Designs

These differences "are likely to be important to the eye of the hypothetical ordinary observer." Id. at 14. An ordinary purchaser of functional sports sunglasses—already familiar with the common wraparound shield, nosepiece, and temple structure—would notice the slots, the

[1] Both images are screenshots from the Complaint's Exhibits.

absence of the elongated ear hollows, the different temple thickness and profile, and the presence or absence of the "CAT EYE" lettering. Similarity in the functional outline is not the "same overall visual impression." Egyptian Goddess, 543 F.3d at 676.

Plaintiff's claim chart (Ex. 6) and the photographs (Ex. 7) confirm these differences rather than support substantial similarity. The conclusory assertion in the claim chart that the designs "have substantially the same overall shape and proportions" and would deceive an ordinary observer is contradicted by the images themselves and by this Court's prior analysis. Legal conclusions of infringement are not entitled to the presumption of truth. Iqbal, 556 U.S. at 678.

**C. Dismissal Is Warranted Because No Reasonable Ordinary Observer Could Find Substantial Similarity.**

Because the designs are plainly dissimilar after the functional features are filtered, Plaintiff cannot state a plausible claim that an ordinary observer would be deceived into purchasing the accused products believing them to be the patented design. *Crocs, Inc. v. Int'l Trade Comm'n,* 598 F.3d 1294, 1303 (Fed. Cir. 2010). The same result follows under the "sufficiently distinct" standard of Egyptian Goddess. Where, as here, the patent drawings and accused product images are before the Court and the differences are clear on their face, district courts properly dismiss design patent claims at the pleading stage.

Amendment would be futile. The Complaint's exhibits already contain the patent and the accused products. No additional factual allegations can change the visual comparison that this Court has already performed and that the images make plain. Dismissal with prejudice is therefore appropriate.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion and dismiss Plaintiff's design patent infringement claim against Defendant XINGYANGXIXIANG d/b/a DioKiw with prejudice.

Dated: October 31, 2026

Respectfully submitted,

/s/ Jianyin Liu

Jianyin Liu, Esq.

Law Offices of James Liu PLLC

9000 SW 157th St

Palmetto Bay, Florida 33157

Telephone: (305) 209-6188

Email: jianyin@jamestliulaw.com

Counsel for Defendant XINGYANGXIXIANG d/b/a DioKiw

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jianyin Liu

Jianyin Liu